## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

Jaime Lopez

    Debtor

_____/

CreditBox.com, L.L.C.,

    Plaintiff,

v.

Jaime Lopez

    Defendant.

_____/

Chapter 7

Bankruptcy Case No. 17-918

Adversary No. 18-00058

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiffs are CreditBox.com, L.L.C. ("Plaintiff")
2. The Defendant is Jaime Lopez ("Defendant")

**B. Factual Background**

1. Defendant filed a Chapter 7 Bankruptcy on November 13, 2017 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, CreditBox.com, L.L.C. Loan No. X166, in which the loan was listed on Debtor's Schedule E/F.
2. On February 12, 2018, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,780.08.
3. On October 10, 2017, the Debtor took out a loan in the amount of $1,275.00 from CreditBox.com, L.L.C. Loan No. X166.
4. On November 13, 2017, the debtor filed bankruptcy at which time the loan accrued $505.08 in interest; and to date, the debtor has made $0.00 in payments. Therefore, totaling the amount owed of $1,780.08 as of the date of the filing of the bankruptcy.

5. That on February 13, 2018, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via first-class mail, postage prepaid to:
   a. Jaime Lopez, 1151 Lucas, Calumet City, IL 60409
   b. Lisa L Haley, Geraci Law L.L.C., 55 E. Monroe St., Suite #3400, Chicago, IL 60603
6. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.
7. No evidence has been presented to challenge the validity of Plaintiff's claim.
8. Debtor's monthly income was $2,454.33 and Debtor's monthly expenses were $2,423.88 therefore, leaving a monthly net income of $30.45 at the time of filing for bankruptcy ~~and it is improbable the Debtor's income changed drastically since the Loan application date and it would render the loan payment in the amount of $240.25 bi-weekly impossible for the Debtor to repay~~.
9. Debtor owed $24,467.00 in unsecured debt, $0.00 in secured debt at the time she entered into the loan, which is not reflected in the Debtor's monthly income.
10. The debt is a cash advance aggregating more than $750.00 and is considered an open end credit plan.
11. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 35 days prior to the filing of her Chapter 7 bankruptcy petition.
12. The Defendant did not make a single payment towards the loan.
13. Based upon the objective factors stated in the Complaint and below the Debtor did not intend to repay the loan.
14. On or about April 17, 2018, the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

A. **Jurisdiction**
   1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).
3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

1. This action was initiated under 11 U.S.C. § 523(a)(2)(A), on February 12, 2018.
2. Additionally, the Plaintiff is seeking an exception to the discharge pursuant to § 523(a)(2)(c).
3. The Defendant scheduled the Plaintiff's claim in the amount of $1,780.08.
4. The Bankruptcy Code refers to section 103 of the Truth in Lending Act in defining open end credit.
5. Pursuant to 11 U.S.C. § 523(a)(2)(C), a "presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case." *George*, 381 B.R. at 915.
6. In this case the Defendant filed its bankruptcy within 70 days of being issued the loan and because the loan is for greater than $750.00, this loan is not dischargeable.

Dated: JUN 1 2 2018

Enter:

United States Bankruptcy Judge

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff

**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
24100 Southfield Road, Suite 203
Southfield, MI 48075